UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALID AL-JABERI,

    Plaintiff,

                                       CIVIL CASE NO. 07-12338

v.

DISTRICT DIRECTOR, UNITED          HONORABLE PAUL V. GADOLA
STATES CITIZENSHIP AND               U.S. DISTRICT COURT
IMMIGRATION SERVICES,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR REMAND

Before this Court is Defendant's motion to dismiss or remand Plaintiff's complaint, filed on August 2, 2007. For the following reasons, the Court will grant Defendant's motion in part.

Plaintiff currently has an application for naturalization pending with the United States Citizenship and Immigration Services ("USCIS"). (Plaintiff has named the I.N.S., or Immigration and Naturalization Service, as Defendant in this case. That department no longer exists and the proper Defendant is the USCIS.) Plaintiff alleges that the application for citizenship was first submitted on December 8, 2003, and that he has been waiting for a determination of his application.

In its motion, Defendant argues that this Court should dismiss Plaintiff's complaint because the Court does not have jurisdiction to consider Plaintiff's case, as an FBI background check has still not been reported to the USCIS. Defendant relies on the reasoning put forward in the *Danilov v. Aguirre* case. *See Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005).

The issue of whether a district court has jurisdiction to consider cases such as Plaintiff's is

one on which courts have come to different conclusions. This Court has considered this matter previously and has found that there is jurisdiction because the word "examination" in the relevant statute, 8 U.S.C. § 1447, was not intended to include the FBI background check. *See Al Basri v. District Director, USCIS*, No. 07-10795 (E.D. Mich. July 17, 2007) (Gadola, J.); *Eldisouky v. District Director, USCIS*, No. 06-14900 (E.D. Mich. June 1, 2007) (Gadola, J.). Accordingly, this Court finds that it has jurisdiction to consider Plaintiff's case.

Pursuant to this Court's jurisdiction, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). The Court ascertains that it lacks the information to make a proper determination of Plaintiff's immigration application. The Court also notes that, although the application process has been delayed by the FBI name check, the result of this check is an important piece of information for a final determination of Plaintiff's application. Therefore, the Court will remand this case to the USCIS.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss or remand [docket entry 4] is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this action, **Case No. 06-07-12338**, is **REMANDED** to the USCIS.

**SO ORDERED.**

Dated:  October 31, 2007                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   November 1, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                Robert W. Haviland                                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Khalid Al-Jaberi                             .

                                                        s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845